62

(No. CI-74-059—Decided March 5, 1975.)

Common Pleas Court of Paulding County.

*Messrs. Bakle, Arthur & Walter* and *Mr. Ronald G. Heck*, for plaintiffs.
*Messrs. Finn, Manahan & Pietrykowski* and *Mr. David M. Mohr*, for defendant.

HITCHCOCK, J. Defendant asks that this action against the estate of a deceased person be dismissed as not having been commenced within the time provided by the statute of limitations.

On April 8, 1972, automobiles driven by plaintiff Harold H. Hayden and John Ours, Jr., met in collision in this county and upon arrival at the scene the coroner found that John Ours, Jr., was dead.

On April 8, 1974, plaintiffs filed their complaint in this court naming as defendant only John Ours as a resident

of Antwerp in this county. Summons via certified mail was directed to him at this address. The postoffice return receipt indicates that the summons was received by Elberta Ours at P. O. Box 379, Antwerp, Ohio 45813 on 4-10-74.

On May 10, 1974, defendant filed a motion to quash service upon the named defendant because he was dead as a result of injuries received in the collision which is the subject of this action.

On September 18, 1974, plaintiff by motion asked this court to appoint an administrator for defendant's estate. On the same day this motion was overruled for want of jurisdiction.

On November 8, 1974, plaintiffs by motion requested an order that the court substitute for decedent, as defendant, Darrel J. Endsley, Administrator of the Estate of John Ours, Jr., deceased, by virtue of letters issued by the Probate Division of this court on October 24, 1974.

On November 12, 1974, an order substituting said administrator as party defendant was entered. This same day defendant administrator filed his motion, together with memorandum of law, in opposition to the motion for substitution and requesting dismissal of the action by reason of R. C. 2305.10 and 2113.06.

On December 4, 1974, plaintiffs filed their amended complaint naming mentioned administrator as defendant, together with precipe asking the Clerk to "Please issue a copy of the Amended Complaint in this cause to Darrel J. Endsley by certified mail at 223 North Williams Street, Paulding, Ohio 45879." The postoffice receipt indicates said amended complaint was received by said administrator at stated address on December 6, 1974.

On December 16, 1974, defendant administrator filed his motion asking dismissal of the cause for the reason that it fails to state a claim upon which relief can be granted in that: (1) it is not brought within the statute of limitations, and/or; (2) plaintiffs have failed to comply with requirements of the Revised Code in respect to the presentation of claims against estates. A memorandum in support refers to prior citations and R. C. 2117.30 governing presentation of claims against estates.

On January 20, 1975, the motion to dismiss was orally argued and the court understands counsel to admit that John Ours, Jr., died at the scene of the collision and within a very short time thereafter. Just when plaintiffs and/or their counsel learned of his death was at no time ever disclosed to the court. Further, it is admitted that defendant Endsley, as Administrator, is the first person to be appointed and to qualify as such and that no claim was ever served upon him as administrator other than the copy of the amended petition, *unaccompanied by summons*, which was received by the administrator December 6, 1974. As no attorney has indicated that this action would in any way be affected by the insolvency of defendant, the court assumes such to be a fact.

Since July 1, 1970 the Ohio Rules of Civil Procedure have provided, in part:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing." Rule 3(A).

"Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant * * *. Upon request of the plaintiff separate or additional summons shall issue at any time against any defendant." Rule 4(A).

"The summons shall be signed by the clerk, contain the name and address of the court and the names and addresses of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the times within which these rules or any statutory provision require the defendant to appear and defend, and shall notify him that in case of his failure to do so, judgment by default will be rendered against him for the relief demanded in the complaint. * * *

"A copy of the complaint shall be attached to each summons. The plaintiff shall furnish the clerk with sufficient copies." Rule 4(B).

"For the purpose of issuance and service of summons 'plaintiff' shall include any party seeking the issuance and service of summons, and 'defendant' shall include any

party upon whom service of summons is sought." Rule 4(C).

As in effect on April 8, 1972, and to this date Ohio statutes have contained these provisions:

R. C. 2113.06 specifies to whom letters of administration shall be granted. Where no one entitled qualifies it is provided that "* * * the court shall commit the administration to some suitable person who is a resident of the county. Such person may be a creditor of the estate." It is clear that ever since the death of John Ours, Jr., on April 8, 1972, either plaintiff has had the authority to procure the appointment of a suitable person as administrator to defend this action.

R. C. 2117.30 provides:

"No suit shall be brought against an * * * administrator by a creditor of the decedent * * * until after seven months from the time of the appointment of such * * * administrator * * * except in the following cases:

"* * *

"(C) For the recovery of a claim that would not be affected by the insolvency of the estate;

"* * *

R. C. 2117.07 provides at some length for claims against estates of decedents and is specific in barring forever all claims not presented within six months of the appointment of an executor or administrator, except as to contingent claims for which express statutory provision is made. The final paragraph of this section reads: "Nothing in this section or in Section 2117.06 of the Revised Code shall reduce the time mentioned in Sections 2125.02, 2305.09, 2305.10, 2305.11, or 2305.12 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to such sections shall come from the assets of an estate unless such claim has been presented against the estate in accordance with Chapter 2117 of the Revised Code."

R. C. 2305.10 states, "An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

Plaintiffs have begun the commencement of their causes of action but they have not yet caused them to be commenced because they have not caused summons to be served upon defendant administrator within one year. Consequently, defendant's motion to dismiss is premature as plaintiffs have until April 8, 1975, in which to accomplish this.

It is the judgment of this court that Civ. R. 3(A) provides a different definition for the commencement of an action than was provided by R. C. 2305.17 as it existed in 1963 when *Wrinkle* v. *Trabert*, 174 Ohio St. 233, 188 N. E. 2d 587, was decided. In those days what was all important was that summons be *served* upon defendant before the statute of limitations expired, or within 60 days thereof, if same had been attempted. Our Civil Rules now make all important the filing of the complaint with the clerk within the time provided by the statute of limitations, provided only that service be "obtained within one year from such filing."

In applying Ohio's Rules of Civil Procedure this court has labored under a belief that they were designed to facilitate the administration of substantial justice in permitting the judiciary to resolve the merits of the controversies presented to them rather than to prevent such resolution by the hypertechnical application of procedural rules and statutes which can probably only be mastered by those members of the legal profession who occupy its top 1% in intellectual agility.

This court has long been inspired by the words of John Henry Wigmore, found at p. xiii of the preface to his Code of the Rules of Evidence in Trials at Law (3 Ed. 1942), Little, Brown & Company, Boston, which are set out here in the belief that they continue to have meaning of value for today.

"But after all, it is the spirit that gives life to the rules:

"*All the rules in the world will not get us substantial justice if the Judges and the lawyers have not the correct living moral attitude towards substantial justice.*

"What the law of Evidence, and of Procedure, now-

adays most needs is that the men who are our judges and our lawyers shall firmly dispose themselves to get at the truth and the merits of the case before them. Until they become of this disposition, the mere body of rules, however scientific, however sensible, however apt for justice, will minister to them in vain.''

This court perceives that the present Civ. R. 3(A) provides a method whereby counsel have one year after the timely filing of a complaint in which to obtain service of summons with a copy of their complaint, or an amendment thereof if the cause of action remains the same, upon an appropriate defendant. This court cannot perceive how anyone able to pass the Ohio Bar Examination should find these requirements unduly difficult or burdensome. In the U. S. District Courts, Rule 3 of the Federal Rules of Civil Procedure has required only the filing of a complaint to constitute ''commencement'' of an action and has not had any requirement that service of summons be obtained within one year or any other period. This new rule, the court finds, fairly preserves to all owners any cause of action for the full period of its statutory limitation, and obviates any need for abstruse theories of ''relation back'' to save some while destroying others. See *Wrinkle* v. *Trabert, supra.*

The court is not unaware that Civ. R. 25, in part, reads:

''(A)(1) If a party dies, and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

''(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action

in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties.

" * * *

"(E) Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."

The court will, of course, dismiss the action as to John Ours, Jr., as an individual, but it declines to dismiss the action against his substituted defendant for reasons stated.

One experience lends weight to the conviction that this court has here correctly applied the Rules to the facts before it. In days when proper service of summons was necessary to commence an action the writer had occasion to observe a family, one child of which had a substantial cause of action. Over several weeks these people had discussed their son's injuries and cause with an attorney who, only two days before the day the statute ran, told them he declined to represent them and that they would have to find another lawyer for their case. He did tell them of the statute of limitations and its effect so they hurried to their second choice of counsel. This attorney was able to obtain personal service of summons a few hours before the statute ran. Nevertheless, the consternation and worry occasioned this family cannot be forgotten; and had the defendant died a day or two before it seems entirely possible it would have been impossible to have obtained both the appointment of an administrator and service upon him.

*Motion to dismiss overruled.*